IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40463
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNALDO BASILO JAIMES-JAIMES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-1082-1
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bernaldo Basilo Jaimes-Jaimes (Jaimes) appeals his guilty-plea conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(b)(2). Jaimes argues that the indictment was deficient for failing to allege his prior felony conviction as an element of the offense. Thus, he contends that he was improperly sentenced based on this prior conviction. Jaimes concedes that this argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and raises it solely to preserve

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court review.  As we recently noted, the Supreme Court expressly declined to overrule <u>Almendarez-Torres</u> in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), thus we are bound to follow this precedent.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Jan. 26, 2001) (No. 00-8299).

Jaimes also asserts for the first time on appeal that the indictment was deficient because it did not allege general intent as an element of the offense.  This argument is foreclosed by our decision in <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233 (5th Cir. 2000).

AFFIRMED.